FILED

2005 MAY -3 A 11: 25

U.S. DISTRICT COURT
BRIDGEPORT, CO...

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x
UNITED STATES OF AMERICA          :   Criminal No. 3:03CR77(SRU)

VS.                               :

RALPH CIFARELLI and               :
CHERYL ANN WAMBOLT                :   May 3, 2005

　　　　Defendants                :
---------------------------------------------------------------x

### DEFENDANT RALPH CIFARELLI'S MOTION TO FILE LATE OBJECTIONS TO PRESENTENCE REPORT AND TO CONTINUE HIS SENTENCING UNTIL MAY 17, 2005

#### INTRODUCTION

The defendant pled guilty on December 20, 2004.

The Presentence report is dated January 24, 2005.

The defendant is scheduled to be sentenced on May 6, 2005.

On February 2, 2005, the undersigned flew to Spain; he was scheduled to return to the United States on March 23, 2005 but due to a change of circumstances he did not fly back to the United States until April 8, 2005.

The undersigned obtained his copy of the Presentence Report on April 19, 2005 and he mailed a copy of said Report to the defendant on April 19, 2005. Thereafter the undersigned discussed the contents of said Report with the defendant.

CANTOR, FLOMAN, GROSS, SACRAMONE & DALY, P.C. - JURIS NO. 43415
378 BOSTON POST ROAD - P.O. DRAWER 966 - ORANGE, CT 06477-0966
TELEPHONE (203)795-1211 - FAX (203)795-1215 - HAMDEN (203)288-2132
www.cantorfloman.com

The undersigned also telephoned assistant United States Attorney Michael Runowicz and informed him he had objections to some of the contents of said Report.

The undersigned is not seeking to unnecessarily delay the defendant's sentencing and realizes that if the court grants this motion a new sentencing date will have to be scheduled so that the Probation Officer can, after investigation, prepare any required revisions to the Report.

The undersigned requests the defendant's sentencing be re-scheduled to May 20, 2005 at 2:00 P.M.

## OBECTIONS TO PRESENTENCE REPORT

### PAGE 2, PARAGRAPHS 7 AND 9

The defendant denies forging any customers' signatures.

On January 21, 2003, the defendant voluntarily provided handwriting examplars to the Secret Service. A report, dated March 14, 2003, by the Forensics Sciences Division of the Secret Service, concluded that as to some documents "....it could not be determined whether or not ....Ralph Cifarelli wrote (14) of the questioned endorsements..." and that".....Ralph Cefarelli may not have written (10) of the questioned endorsements..."
A copy of said Report is attached to this motion as Exhibit 1.

### PAGE 2, PARAGRAPH 11

The defendant received a telephone call from an employee of the Connecticut Bank of Commerce that one of his customers, Brenda Chapman, named in Count 5 of the defendant's Indictment, had not received a car she purchased from Auto Dynamics. The defendant checked his records, found there were problems with 4 or 5 customers of Auto Dynamics, and repaid the Bank.

PAGE 3, PARAGRAPH 12

The defendant does not deny that duplicate loans were obtained. In his experience in the car business dealerships routinely obtain such loans and repay one of them within 60 to 90 days.

PAGE 5, PARAGRAPH 26

The defendant denies he ever used the name Joseph McLain.

PAGE 10, PARAGRAPH 38

The defendant was not arrested on January 10, 1995.

PAGE 14, PARAGRAPH 56

The defendant stated his now wife desired to start a family before his mother died. The defendant's twins were born after his mother died.

PAGES 14-15, PARAGRAPH 57

The defendant arrives home, after work, by approximately 7:00 p.m. He returns to work an average of 3 evenings a week, from approximately 11:00 P.M. to approximately 5:00 A.M.

PAGE 16, PARAGRAPH 62

The defendant also has identifiable scars on both of his legs.

PAGE 16, PARAGRAPH 65

The defendant does not drink alcohol.

PAGE 17, PARAGRAPHS 71 AND 72

The attached letter, defendant's Exhibit 2, from Attorney Alfred Zullo, dated April 29, 2005, explains the status of the litigation.

PAGE 22, PARAGRAPH 84
==

After his interview with the probation officer, the defendant met with the IRS and he has since made two federal tax deposits, one on February 17, 2005 for $731.45 and one on March 17, 2005 for $731.45. A copy of the defendants checks are attached as Exhibits 3 and 4. The defendant's accountant has discussed the defendant's tax status with the IRS and is in the process of filing any delinquent returns.

PAGE 23, PARAGRAPH 95
==

The defendant's medical condition and the fact that he made full restitution prior to being indicted should be identified as factors which would warrant a downward departure.

PAGE 24, PARAGRAPH 99
==

The defendant cooperated with the Probation Office; because he did not have ready access to the large number of documents requested by said Office, there were delays in obtaining these documents but all documents requested were provided.

_____
JOHN J. KELLY
Cantor, Floman, Gross, Kelly & Sacramone, P.C.
378 Boston Post Road
P. O. Drawer 966
Orange, CT 06477
Telephone: (203) 795-1211
Federal Bar No. ct09146

## **CERTIFICATION**

      This is to certify that the Defendant Ralph Cifarelli's was faxed and mailed this 3rd day of May, 2005, to the following counsel:

Michael E. Runowicz, Esq.
Assistant United States Attorney
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT 06510


Richard Silverstein, Esq.
50 Elm Street
New Haven, CT 06510

Dennis Linder
U.S. Probation Officer
U.S. District Court
Room 211
Bridgeport, CT 06604

                                                              _____
                                                             JOHN J. KELLY

CANTOR, FLOMAN, GROSS, SACRAMONE & DALY, P.C. - JURIS NO. 43415
378 BOSTON POST ROAD - P.O. DRAWER 966 - ORANGE, CT 06477-0966
TELEPHONE (203)795-1211 - FAX (203)795-1215 - HAMDEN (203)288-2132
www.cantorfloman.com

# REPORT

**United States Secret Service
Office of Investigations
Forensic Services Division
Questioned Document Branch**



March 14, 2003

To:   RAIC-New Haven                                    CC: ONEILL

Subject:   Ralph Cifarelli                              Case No.: 107-813-24397-S

Type of Examination:   Handwriting                      SA O'Neill

Reference is made to the New Haven SSF 1544, serial number 107 2003 CE 11 and accompanying SSF 3115, dated March 4, 2003.

1.   **EXHIBITS EXAMINED**

   Q-1   One original "CBC" Treasurer's Check, number 37827, dated 11/16/00, in the amount of $12,000.00.

   Q-2   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35850, dated 6/22/00, in the amount of $18,000.00.

   Q-3   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35813, dated 6/12/00, in the amount of $14,000.00.

   Q-4   One original "CBC" Treasurer's Check, number 37482, dated 10/4/00, in the amount of $10,000.00.

   Q-5   One original "CBC" Treasurer's Check, number 37120, dated 8/21/00, in the amount of $10,867.00.

   Q-6   One original "CBC" Treasurer's Check, number 36634, dated 7/6/00, in the amount of $14,000.00.

   Q-7   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35785, dated 6/5/00, in the amount of $18,000.00.

   Q-8   One original "CBC" Treasurer's Check, number 36869, dated 7/26/00, in the amount of $14,300.00.

   Q-9   One original "CBC" Treasurer's Check, number 37828, dated 11/16/00, in the amount of $12,000.00.

   Q-10  One original "CBC" Treasurer's Check, number 36868, dated 7/26/00, in the amount of $15,539.00.

   Q-11  One original "Connecticut Bank of Commerce" Treasurer's Check, number 35397, dated 5/12/00, in the amount of $14,000.00.

107-813-24397-S
March 14, 2003
Page 2 of 3

Q-12   One original "CBC" Treasurer's Check, number 36867, dated 7/26/00, in the amount of $3,447.00.

Q-13   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35722, dated 5/18/00, in the amount of $11,023.00.

Q-14   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35770, dated 5/31/00, in the amount of $4,000.00.

Q-15   One original "CBC" Treasurer's Check, number 37495, dated 10/5/00, in the amount of $10,000.00.

Q-16   One original "CBC" Treasurer's Check, number 37220, dated 9/5/00, in the amount of $11,500.00.

Q-17   One original "CBC" Treasurer's Check, number 38876, dated 2/13/01, in the amount of $12,199.35.

Q-18   One original "CBC" Treasurer's Check, number 37153, dated 8/25/00, in the amount of $14,900.00.

Q-19   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35786, dated 6/5/00, in the amount of $5,000.00.

Q-20   One original "Connecticut Bank of Commerce" Treasurer's Check, number 35799, dated 6/9/00, in the amount of $11,500.00.

Q-21   One original "CBC" Treasurer's Check, number 37440, dated 9/29/00, in the amount of $11,000.00.

Q-22   One original "CBC" Treasurer's Check, number 39751, dated 4/26/01, in the amount of $8,561.70.

S-1    One SSF 1607A, one SSF 1607D, one handwritten page beginning "1344. Bank fraud...", and twenty-five SSF 1607C's all bearing the specimen writing of Cheryl Wambolt.

S-2    One SSF 1607A, one SSF 1607D, one handwritten page beginning "1344. Bank fraud...", and twenty-five SSF 1607C's all bearing the specimen writing of Ralph Cifarelli.

The Law Offices of

# Zullo, Couto & Jacks, LLC

(203) 467-1411 • Fax (203) 468-2792
83 Main Street • P.O. Box 120748 • East Haven, Connecticut 06512

Alfred J. Zullo
Tracey Pascale Couto

Kenneth M. Jacks
of Counsel

Roseann M. Zullo
Legal Assistant

VIA FACSIMILE TRANSMISSION AND REGULAR MAIL (265-9944)

April 29, 2005

Lars Edeen, Jr., Esquire
171 Center Street
Wallingford, CT 06492

**RE: RALPH CIFARELLI VS. GEORGE HILBERT, ET AL**

Dear Lars:

Please take this letter as a follow up to our recent telephone conversation in the above-described matter.

When we spoke a few months back, you were inquiring about the status of this action by Ralph Cifarelli against Mr. Hilbert. You had indicated that your client was purchasing the property and that you were looking for a release of the lis pendens. At that time, I informed you that the case was still pending and that I had recently claimed it for the trial list.

My client called me a while back indicating that he read in the newspaper that the property was sold and could not understand how it could be sold without obtaining a release from us. I indicated to him, that they may have closed over the lis pendens by creating some type of escrow and indemnification agreement with the title company. I promised him that I would contact you to ascertain the status of the same.

I was very surprised when I spoke with you yesterday and you indicated that the Seller's attorney delivered to you a release of lis pendens at the closing. Let me make it perfectly clear, that nobody in this office prepared or signed a release of lis pendens. In addition, my client Ralph Cifarelli did not prepare or sign a release of lis pendens. The release of lis pendens that you received is apparently forged.

Kindly fax me a copy of the same at your earliest convenience. I would suggest that you put your title company on notice as it will be my intention to cite your clients in on

this matter to ensure that my client has the ability to obtain the requested relief, namely specific performance of the contract to sell him the real estate.

If you would like to discuss this further, please give me a call.

Very truly yours,

Alfred J. Zullo

AJZ/mg

The Law Offices of Zullo, Couto & Jacks, LLC
83 Main Street
P. O. Box 120748
East Haven, CT 06512
(203) 467-1411
fax: (203) 468-2792

# FAX COVER SHEET

FAX NUMBER    1-203- 795-1215

TO:    Attorney Kelly

OF:

MATTER    Ralph Cifarelli vs. George Hilbert, et al

FROM:    Attorney Alfred J. Zullo
Date:    May 2, 2005

| 4/29/05 Letter to Attorney Edeen | PAGES 3 |

COMMENTS



04/28/2005 11:32  2032653732  CT LOSS PREVENTION  PAGE 03



