UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 3:03CR77(SRU) |
| RALPH CIFARELLI : | |
| : | SEPTEMBER 30, 2005 |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN SENTENCING AND TO DEFER IMPOSITION OF SENTENCE

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to defendant Ralph Cifarelli's Motion to Reopen Sentencing and to Defer Imposition of Sentence, and states as follows:

1. On December 20, 2004, defendant Ralph Cifarelli pleaded guilty to one count of bank fraud in satisfaction of a ten-count indictment filed in this case.

2. On June 9, 2005, this Court sentenced defendant Cifarelli to a twenty-one month term of imprisonment to be followed by three years of supervised release. The defendant was also ordered to pay a $12,000 fine plus a $100 special assessment.

3. At the time the above sentence was imposed, the Court also imposed a concurrent fifteen month sentence on a supervised release revocation from a prior federal drug conviction in case number 3:94CR160(SRU).

4. The defendant did not file an appeal from either of those two sentences.

5. On September 9, 2005, the defendant filed the instant motion asking that his sentence be reopened so he could essentially re-raise a downward departure request.

.

This Court Lacks Jurisdiction to Reopen this Sentence and the Motion Should be Dismissed.

Although the defendant is asking this Court to reopen the sentencing hearing, the motion does not cite any legal basis for the Court to do so. In absence of any procedural justification in the moving papers, it is difficult for the United States to respond. However, for purposes of this response, the United States will treat defendant's application as a motion under Rule 35 of the Federal Rules of Criminal Procedure for Correcting or Reducing a Sentence.

a. The Motion Was Not Filed Within Seven Days Of Sentence And Is Untimely.

Rule 35, as presently constituted, provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. Rule 35(a). This seven day period is jurisdictional. The Court may not adjust a sentence after the seven day period has expired. United States v. Abreu-Cabrera, 64 F.3d 67, 73-74 (2d Cir. 1995)(court lacked jurisdiction to resentence defendant six months after original sentence); United States v. Werber, 51 F.3d 342, 348 (2d Cir. 1995)(court did not have jurisdiction to modify defendant's sentence more than seven days after it was originally imposed). Similarly, see, United States v. Vega, 241 F.3d 910, 912 (7th Cir. 2001)("district court's order purporting to amend Vega's sentence was entered outside the seven-day limit and thus without legal authority").

As the instant motion was filed some three months after the sentence in this case was imposed, and thus well after the seven day window provided by Rule 35, this Court lacks jurisdiction to reopen the sentencing hearing to correct or reduce its previously imposed sentence.

b. The Stated Cause For Relief Is One That Is Not Within The Scope of Rule 35.

Even if this application had been timely filed, the correction sought is outside the

scope of the rule. By its terms, Rule 35(a) permits corrections of "arithmetical, technical, or other clear error." This rule

> is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Fed.R.Crim.P. 35 Advisory Committee's Note to 1991 Amendments.

Moreover, that same committee considered and rejected a proposal to allow modification of a sentence based on new information, and made within 120 days of that sentence. Id. Thus, Congress has made it clear that Rule 35 does not contemplate or allow a court to reassess the evidence or the applicable guidelines or "change its mind about the appropriateness of the sentence." Id. See United States v. Gordon K., 257 F.3d 1158, 1161-62 (10th Cir. 2001).

The relief sought, an opportunity to perhaps more forcefully argue for a downward departure, is clearly not intended to correct an arithmetical or technical error. Additionally, it is not "other clear error." The failure to make a downward departure does not constitute an obvious error or mistake that would have resulted in remand so any correction that could be made is not authorized by Rule 35. See, Abreu-Cabrera, 64 F.3d at 72.

Defendant's medical condition was addressed in detail in the presentence report, in the defendant's own letter to the Court that he submitted prior to his sentencing, and in his trial counsel's letter of objection to the presentence report. The Court had a more than adequate

basis to consider how defendant's medical history could figure into the appropriate sentence. To reopen these proceedings at this late date would do great harm to the concept of finality so necessary in criminal proceedings. Rule 35 "was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion.'" United States v. DeMartino, 112 F.3d 75, 79 (2d Cir. 1997). The DeMartino court also noted the "a district court's 'second thoughts' with regard to the severity of the defendant's sentence, 'no matter how well intentioned, are not the sort of error that Rule 35(c) was designed to remedy.'" 112 F.3d at 79 (quoting, United States v. Abreu-Cabrera, 64 F.3d at 73).[1] To the extent that the defendant has medical concerns, he could and should submit such concerns to the Bureau of Prisons for their assessment and consideration in the designation of a place of confinement.

      Wherefore, as the Court lacks jurisdiction to reopen this sentence under Rule 35 of the Federal Rules of Criminal Procedure, and the basis for the stated relief is not an error that can be remedied under Rule 35, the United States would request that the motion be denied.

                        Respectfully submitted,

                        KEVIN J. O'CONNOR
                        UNITED STATES ATTORNEY

                        MICHAEL E. RUNOWICZ
                        ASSISTANT UNITED STATES ATTORNEY
                        Federal Bar No. CT08084
                        157 Church Street
                        New Haven, Connecticut  06510
                        (203) 821-3700

---

[1] The reference to Rule 35(c) in this quotation is to Rule 35 as it was then constituted. Former Rule 35(c) is now found at Rule 35(a). See Advisory Committee's Notes to the 2002 Amendments.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was mailed, postage prepaid on September 30, 2005, to the following:

Norman A. Pattis, Esq.
649 Amity Road
P.O. Box 280
Bethany, CT 06524-0208

---

                MICHAEL E. RUNOWICZ
                ASSISTANT UNITED STATES ATTORNEY